**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MCC NON FERROUS TRADING INC.,

                Plaintiff,

vs.                                                                  14 Civ. 8302 (JCF)

AGCS MARINE INSURANCE COMPANY,

                Defendant.

**RESPONSE TO LOCAL RULE 56.1 STATEMENT**
**OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT ON**
**DEFENDANT'S DEFENSES REGARDING THEFT WITH**
**FRAUDULENT INTENT AND THE "INFIDELITY" EXCLUSION**

Pursuant to Local Civil Rule 56.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, AGCS Marine Insurance Company sets forth below its response to MCC Non Ferrous Trading Inc.'s Local Civil Rule 56.1(a) statement:

1.    This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

2.    This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

3.    Admitted. However, AGCS respectfully refers the Court to the entire Ocean Marine Cargo Policy No. OC 91257500 (the "Policy") for the terms and conditions thereof.

4. This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

5. This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

6. This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

7. This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. MCC concedes that "the precise amount of copper scrap is immaterial to [its] Motion." MCC's Memorandum of Law (Doc. 24) ("MCC Memo") at 10. In any event, the amount of 307.03 tons of copper scrap never existed in total. *See* Declaration of Jochen Stühmer in Opposition to Plaintiff's Motion for Summary Judgment ("Stühmer Decl") executed on March 10, 2015 ¶ 10. Furthermore, the material cited to support MCC's factual assertion is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

8. This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the material cited to support the factual assertion is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

9. This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the material cited to support the factual assertion is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

10. This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

11. This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the material cited does not support MCC's factual assertion, is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

12.     This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the material cited to support MCC's factual assertion is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

13.     This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

14.     This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the material cited does not support MCC's factual assertion, is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

15.     This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the amount of 307.03 tons of copper scrap never existed in total. *See* Stühmer Decl ¶ 10. Furthermore, the material cited to support MCC's factual assertion is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

16.     This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the material cited to support MCC's factual assertion is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

17.     This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the material cited to support MCC's factual assertion has not been authenticated, is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

18.     This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the material cited to support MCC's factual assertion has not been authenticated, is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

19.     This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the material cited to support MCC's factual assertion is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the

5

undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

20.    This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the containers were not delivered to the port in Manila loaded with copper scrap. *See* Exhibit "B" to Stühmer Decl at 30. Furthermore, the material cited to support MCC's factual assertion is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

21.    This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the containers were not delivered to the port in Manila loaded with copper scrap. *See* Exhibit "B" to Stühmer Decl at 30. Furthermore, the material cited to support MCC's factual assertion has not been authenticated, is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

22.    This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the containers were not delivered to the port in Manila loaded with copper scrap and the amount of 307.03 tons of copper scrap never existed in total. *See* Exhibit "B" to Stühmer Decl at 30; Stühmer Decl ¶ 10. Furthermore, the material cited to support MCC's factual assertion is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on

the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

23.     Admitted. However, this is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248.

24.     This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the containers were not delivered to the port in Manila loaded with copper scrap and the amount of 307.03 tons of copper scrap never existed in total. *See* Exhibit "B" to Stühmer Decl at 30; Stühmer Decl ¶ 10. Furthermore, the material cited does not support MCC's factual assertion, is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

25.     This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

26.     This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the containers were not delivered to the port in Manila loaded with copper scrap and the amount of 307.03 tons of copper scrap never existed in total. *See* Exhibit "B" to Stühmer Decl at 30; Stühmer Decl ¶ 10. Furthermore, the material cited does not support MCC's factual assertion, is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based

on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

27.    This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the containers were not delivered to the port in Manila loaded with copper scrap and the amount of 307.03 tons of copper scrap never existed in total. *See* Exhibit "B" to Stühmer Decl at 30; Stühmer Decl ¶ 10. Furthermore, the material cited to support MCC's factual assertion is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

28.    This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

29.    This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the material cited does not support MCC's factual assertion, is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

30.    This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the material cited does not support MCC's factual assertion, is hearsay and cannot be presented in a form that

would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

31.     This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the material cited to support MCC's factual assertion is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

32.     Admitted. However, This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248.

33.     Admitted.

34.     Denied as stated. Clause 6 of the Policy states in full:

This Policy is to cover all shipments by or to the Assured for their account as Principals or as Agents for others, or for account of others with orders to insure, provided such orders are given in writing prior to the attachment of risk hereunder and prior to any known loss or damage; excluding, unless otherwise provided herein, goods sold under instructions not to insure and goods purchased by the Assured on C.I.F. or on other terms including insurance.

Exhibit "A" to Declaration of Joshua Gold in Support of Plaintiff's Motion for Summary Judgment on Allianz Defenses Regarding Theft with Fraudulent Intent and the "Infidelity" Exclusion ("Gold Decl") at cl. 6.

Clause 36 and the relevant declaration page of the Policy state that the Policy insures "goods insured" "against all risks of physical loss or damage from any external cause, except as noted in this policy (and excepting such risks as are excluded by the Paramount Warranties in this Policy)." Exhibit "A" to Gold Decl at cl. 36 & AGCS Cargo Policy Declaration Page dated

January 18, 2013. Clause 58 of the Policy, which is in the Paramount Warranties, states that coverage is excluded for "loss or damage caused by or resulting from misappropriation, secretion, conversion, infidelity or any dishonest act done by or at the instigation of the Assured or other party of interest to the underlying purchase or sale transaction, or their employees or agents (carriers for hire excepted)." Exhibit "A" to Gold Decl at cl. 58.

35.    Admitted.

36.    Admitted.

37.    Denied. There was no shipment of copper scrap because the containers were not delivered to the port in Manila loaded with copper scrap and because the amount of 307.03 tons of copper scrap never existed in total. *See* Exhibit "B" to Stühmer Decl at 30; Stühmer Decl ¶ 10.

38.    Denied as stated. Clause 6 of the Policy provides in full:

> This Policy is to cover all shipments by or to the Assured for their account as Principals or as Agents for others, or for account of others with orders to insure, provided such orders are given in writing prior to the attachment of risk hereunder and prior to any known loss or damage; excluding, unless otherwise provided herein, goods sold under instructions not to insure and goods purchased by the Assured on C.I.F. or on other terms including insurance.

Exhibit "A" to Gold Decl at cl. 6.

39.    Denied as stated. Clause 52 of the Policy states in full:

> This insurance is also specifically to cover goods purchased and paid for by the Assured on terms which do not obligate them to provide insurance, if there is loss or damage from a peril insured herein, and the Assured cannot collect from the seller, insurance provided by the seller, or other party, because of refusal or inability to pay.

> This Company shall advance to the Assured, as a loan, the amount of loss as provided herein. Such loss to be repayable upon remittance of the sum due the Assured by the seller, the insurance provided by the seller or otherwise.

Goods insured under this coverage shall be valued at the amount of the seller's invoice, plus freight and other charges (if not included in the invoice). This insurance is for the sole account of the Assured and in no event is it to inure to the benefit of sellers, their insurers or any other party.

It is a condition precedent to this coverage that the Assured shall not divulge the existence of this coverage to any party. Such disclosure shall void coverage provided by this clause.

The Assured shall preserve their rights against the seller and the insurance provided by the seller or other parties and, upon receipt of payment from this Company, shall subrogate to this Company all such rights and shall give assistance, other than pecuniary, in enforcing them.

Exhibit "A" to Gold Decl at cl. 52.

Clause 53 of the Policy states in full:

If any goods insured hereunder are covered by other insurance, this insurance is also specifically to cover:

1. Difference In Conditions:
Any perils not covered by other insurance but which are covered under the terms of this Policy.

2. Increased Value:
Any difference between the value insured by other insurance and the value in accordance with the applicable valuation clause of this Policy.

3. Guarantee of Collectability:
If the Assured cannot collect under other insurance for loss and/or damage by perils covered under the terms of this Policy, this Company shall advance, as a loan, the amount of loss as provided herein. Such loss is to be repayable upon remittance of any sum due from other insurance.

Exhibit "A" to Gold Decl at cl. 53.

40.    Admitted. However, AGCS respectfully refers the Court to Clause 52 for the entire terms and conditions thereof.

41.    Denied as stated. Clause 53 states in full:

> If any goods insured hereunder are covered by other insurance, this insurance is also specifically to cover:
>
> 1. Difference In Conditions:
> Any perils not covered by other insurance but which are covered under the terms of this Policy.
>
> 2. Increased Value:
> Any difference between the value insured by other insurance and the value in accordance with the applicable valuation clause of this Policy.
>
> 3. Guarantee of Collectability:
> If the Assured cannot collect under other insurance for loss and/or damage by perils covered under the terms of this Policy, this Company shall advance, as a loan, the amount of loss as provided herein. Such loss is to be repayable upon remittance of any sum due from other insurance.

Exhibit "A" to Gold Decl at cl. 53.

42.     Admitted.

43.     Admitted.

44.     This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the amount of 307.03 tons of copper scrap never existed in total. *See* Stühmer Decl ¶ 10. Furthermore, the material cited does not support MCC's factual assertion, has not been authenticated, is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

45.     Admitted.

46.     Denied as stated. Reck & Co. GmbH and G4S Compliance & Investigations each prepared their own reports. *See* Exhibit "B" to Gold Decl.

47.     Denied as stated. AGCS admits that it did not provide a copy of the Reck and G4S reports to MCC until after the Complaint in this action was filed.

48.     MCC concedes that "the precise amount of copper scrap is immaterial to [its] Motion." MCC Memo at 10. MCC's factual assertion is, therefore, not material because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, denied because the amount of 307.03 tons of copper scrap never existed in total. *See* Stühmer Decl ¶ 10. Furthermore, the material cited to support MCC's factual assertion is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

49.     MCC concedes that "the precise amount of copper scrap is immaterial to [its] Motion." MCC Memo at 10. MCC's factual assertion is, therefore, not material because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, AGCS does not concede that any particular amount of copper scrap existed. *See* Stühmer Decl ¶ 10. Furthermore, the material cited to support MCC's factual assertion is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

50.     MCC concedes that "the precise amount of copper scrap is immaterial to [its] Motion." MCC Memo at 10. MCC's factual assertion is, therefore, not material because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, AGCS does not concede that any particular amount of copper scrap existed. *See* Stühmer Decl ¶ 10. Furthermore, the material cited to support MCC's factual assertion is

hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

51.     MCC concedes that "the precise amount of copper scrap is immaterial to [its] Motion." MCC Memo at 10. MCC's factual assertion is, therefore, not material because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, AGCS does not concede that any particular amount of copper scrap existed. *See* Stühmer Decl ¶ 10. Furthermore, the material cited to support MCC's factual assertion is hearsay and cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

52.     Admitted.

53.     This is not a material fact because it would not affect the outcome of MCC's motion under the governing law. *See Anderson*, 477 U.S. at 248. In any event, the material cited does not support MCC's factual assertion because AGCS neither admits nor alleges in paragraph 174 of its Answer that MCC actually had a loss of copper scrap or that MCC's claimed loss "was due to conversion and misappropriation by Riverbend." *See* Fed. R. Civ. P. 56(c)(2).

54.     Denied. AGCS alleges in its Defenses and Affirmative Defenses that "Riverbend [Enterprises] was party to the fraudulent scheme that resulted in the claimed loss of the alleged shipment of copper scrap." AGCS' Answer (Doc. 10) ¶ 174. Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion and whether Riverbend was McQan's agent. *See* Fed. R. Civ. P. 56(d).

55.   Denied as stated. MCC alleges at paragraph 99 of its Complaint that Riverbend "is the entity suspected of having a hand in the theft of the copper scrap during transit . . . ." MCC Complaint (Doc. 1) ¶ 99. Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

56.   Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

57.   Denied. MCC instructed McQan Corporation that the bill of lading issued in connection with the alleged shipment of copper scrap should identify the "supplier" as the "shipper." *See* Exhibit "A" to Declaration of John A.V. Nicoletti in Opposition to Plaintiff's Motion for Summary Judgment ("Nicoletti Decl") executed on March 11, 2015. MCC acknowledges that Riverbend was the supplier. *See* MCC Memo at 5 n. 3. MCC also allegedly instructed McQan to have the bill of lading endorsed by Riverbend to "VMF Special Purpose Fund SPC on behalf of M1 Segregated Portfolio c/o Vermillion Asset Management." *See* Exhibit "B" to Nicoletti Decl. Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

58.   Based on the accompanying affidavit of the undersigned, AGCS respectfully requests time to take discovery on MCC's factual assertion. *See* Fed. R. Civ. P. 56(d).

Dated: New York, New York
       March 11, 2015

                              NICOLETTI HORNIG & SWEENEY
                              *Attorneys for Defendant*

                              By:    /s/ John A.V. Nicoletti
                                    John A.V. Nicoletti
                                    Nooshin Namazi
                                    Kevin J.B. O'Malley
                                    Wall Street Plaza
                                    88 Pine Street, Seventh Floor
                                    New York, New York 10005
                                    (212) 220-3830
                                    jnicoletti@nicolettihornig.com

16